O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN HERNANDEZ, | ) | Case No. CV 16-8350 CAS(JC) |
| Petitioner, | ) | ~~(PROPOSED)~~ |
| v. | ) | ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| DANIEL PARAMO, Warden, | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") and all of the records herein, including the August 3, 2018 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and petitioner's objections to the Report and Recommendation ("Objections" or "Obj."). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections. The Court further addresses certain of petitioner's Objections below.

First, the Objections raise new grounds for relief which were not asserted in the Petition, are unexhausted and are likely time-barred.[1] More specifically, petitioner now claims that he is actually innocent of the crimes charged, that the state courts exceeded their jurisdiction because the charges against him were barred by the statute of limitations and violated the Ex Post Facto Clause, and that his trial counsel should have raised at least the latter argument.[2] (Obj. at 2-5). This Court, in an exercise of its discretion, declines to consider such new arguments presented for the first time in the Objections. See United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000), cert. denied, 534 U.S. 831 (2001).

Second, petitioner – apparently based upon the mistaken belief that the (Proposed) Judgment attached to the Report and Recommendation was entered before the deadline to file objections to the Report and Recommendation expired – contends that he has been deprived of the opportunity to respond to the Report and Recommendation before the entry of Judgment. (Obj. at 6-7). As petitioner has been afforded an opportunity to file Objections prior to the entry of Judgment and has done so, and as the Court has considered such Objections before determining that the entry of Judgment is appropriate, this Objection is specious and is overruled.

---

[1] Petitioner's new claims were not asserted in the petition for review filed by petitioner on direct appeal and petitioner has not otherwise sought relief from the California Supreme Court as to the judgment in issue. (Lodged Doc. 7; Petition at 3). Further, the one-year statute of limitations to assert such new claims likely expired on February 8, 2017 – one year after petitioner's conviction became final on February 8, 2016 (ninety days after the California Supreme Court denied his petition for review on November 10, 2015), as there is no basis in the record to suggest that the statute of limitations commenced to run on a later date, that petitioner is actually innocent, that petitioner is entitled to tolling, or that such new claims would relate back to the filing date of the Petition. See 28 U.S.C. § 2244(d); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Mayle v. Felix, 545 U.S. 644, 658 (2005).

[2] To the extent petitioner claims that his trial counsel was ineffective in not seeking dismissal on such ground, the Court notes that counsel did move to dismiss at least one charge based upon the statute of limitations and such motion was denied. (CT 110-11).

Third, petitioner contends that he was "not afforded his right to submit a Traverse." (Obj. at 7). The Order Governing Proceedings Involving Petition for Writ of Habeas Corpus by a Person in State Custody issued on November 16, 2016, expressly advised petitioner that he had "thirty (30) days from the date the [Respondent's] Answer [was] served to file and serve any Reply responding to matters raised in the Answer." (Docket No. 7 at 3, ¶ 7). Respondent filed an Answer on January 10, 2017, together with a Certificate of Service attesting that a copy of the Answer had been sent by First-Class Mail, postage prepaid to petitioner's address of record. (Docket No. 11 at 28). Petitioner did not timely file a Reply to the Answer and did not seek an extension of the deadline to do so. He suggests that "[t]here is no record that the Petitioner received a copy of the [Answer]" (Obj. at 7), but there is no indication in the record that the Answer served upon him was returned and it is clear from the Objections that petitioner has received other mail from the Court directed to him at the same address. Accordingly, petitioner has not rebutted the presumption that he did, in fact, timely receive a copy of the Answer and his instant Objection is overruled. See Anderson v. United States, 966 F.2d 487, 491 (9th Cir. 1992) ("[P]roper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee.") (citations omitted); Stache v. International Union of Bricklayers and Allied Craftsmen, AFL-CIO, 852 F.2d 1231, 1234 n.2 (9th Cir. 1988) ("Under both federal and California law, the correct addressing, posting, and mailing of a letter creates a presumption that the letter was received by the intended party.") (citations omitted), cert. denied, 493 U.S. 815 (1989); see, e.g., In re Bucknum, 951 F.2d 204, 207 (9th Cir. 1991) ("A certificate of mailing stating that notice . . . was sent . . . raises the presumption that notices were properly mailed and therefore received.") (citations omitted). In any event, to the extent petitioner intended to include in a Reply/Traverse, the new claims asserted in the Objections, the Court would have declined to consider them for the same reasons explained above, and

because a reply/traverse is not the proper pleading to raise additional grounds for relief.  See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994), cert. denied, 514 U.S. 1026 (1995).

    IT IS HEREBY ORDERED that the Petition is denied, this action is dismissed with prejudice and Judgment be entered accordingly.

    IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on petitioner and on respondent's counsel.

    IT IS SO ORDERED.

DATED: September 7, 2018

*[signature: Christina A. Snyder]*

_____
HONORABLE CHRISTINA A. SNYDER
SENIOR UNITED STATES DISTRICT JUDGE